# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00341-MR

| | |
|---|---|
| **ADRIAN DOMINIC WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KATRINA GOODWIN, et al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's (NCDPS) sealed Notice [Doc. 17] regarding the Court's Request for Waivers of Service [see Doc. 13].

The pro se incarcerated Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro and Bertie Correctional Institutions. The Complaint passed initial review on claims against Defendants Katrina Goodwin[1] and Cohandan Francis Christian Smith.[2] [Doc. 19]. A service waiver has been filed for Defendant Goodwin, but NCDPS was unable to waive service for Defendant Smith, who

---

[1] "Ofc. Ms. K. Goodwin" in the Complaint. [Doc. 1 at 1].

[2] "Ofc. Mr. C. Smith" in the Complaint. [Doc. 1 at 1].

is no longer employed at NCDPS. [Docs. 16, 17]. NCDPS has provided Defendant Smith's last known address under seal. [Doc. 17].

The Clerk will be directed to notify the U.S. Marshal that Defendant Smith needs to be served with the summons and Amended Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Smith cannot be served at the addresses provided by NCDPS, the U.S. Marshal shall be responsible for locating his home address so he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Smith, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant Smith's home addresses to the pro se incarcerated Plaintiff, and shall file any document containing such addresses under seal.

2

The Clerk of Court will be instructed to update the Court file with the Defendants' correct names as reflected in this Order.

**IT IS, THEREFORE, ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Cohandan Francis Christian Smith. If the U.S. Marshal is unable to obtain service on the foregoing Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice [Doc. 17], and this Order to the U.S. Marshal, and to substitute Defendants' names as follows in the Court's records: Cohandan Francis Christian Smith for "FNU Smith" and Katrina Goodwin for "FNU Goodwin."

**IT IS SO ORDERED**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge