# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00341-MR

| | |
|---|---|
| **ADRIAN DOMINIC WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KATRINA GOODWIN, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the return of an unexecuted summons form [Doc. 20].

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro and Bertie Correctional Institutions. On January 26, 2022, the Complaint [Doc. 1] passed initial review against Defendants Katrina Goodwin and Cohandan Francis Christian Smith for the use of excessive force and retaliation. [See Doc. 10]. The Court ordered the Clerk to commence the procedure for waiver of service on March 10, 2022. [Doc. 12]. The North Carolina Department of Public Safety (NCDPS) was unable to waive service of process for defendant Smith, but provided his last known address under seal. [See Doc. 17]. On May 11, 2022, the Court ordered the U.S. Marshals

Service to use all reasonable efforts to locate and obtain service on Defendant Smith. [Doc. 18].

On May 16, 2022, the summons for Defendant Smith was returned unexecuted. [Doc. 20]. The summons indicates that a Deputy U.S. Marshal (DUSM) attempted service at the address provided by NCDPS. A woman who identified herself as Defendant Smith's estranged wife said that Defendant Smith does not live at the address, and she does not know how to locate him. [Id.]. The DUSM obtained a possible phone number for Defendant Smith and spoke to a person who responded to "Mr. Smith." [Id.]. The caller said that he is homeless and that he is not the person listed on the summons, and terminated the call. [Id.].

The Federal Rules of Civil Procedure allow a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010).

More than 90 days have elapsed since the Court completed its frivolity review of the Complaint, the Marshals Service attempted to locate and serve Defendant Smith, and Defendant Smith has not been served.

The Plaintiff is ordered to file a Response within 14 days of this Order showing cause why Defendant Smith should not be dismissed from this action pursuant to Rule 4(m). The Plaintiff is cautioned that failure to comply with this Order will result in the dismissal of Defendant Smith case without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that the Plaintiff shall, within **fourteen (14) days** of this Order, file a Response showing cause why Defendant Smith should not be dismissed from this action. Failure to timely comply with this Order will result in Defendant Smith's dismissal of the case without prejudice and without further notice.

**IT IS SO ORDERED.** Signed: May 20, 2022

Martin Reidinger
Chief United States District Judge

3

Case 3:21-cv-00341-MR   Document 21   Filed 05/20/22   Page 3 of 3