# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00341-MR

| | |
|---|---|
| ADRIAN DOMINIC WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KATRINA GOODWIN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro and Bertie Correctional Institutions. [Doc. 1]. The Complaint passed initial review on January 26, 2022 on claims of excessive force and retaliation against Defendants Katrina Goodwin and Cohandan Francis Christian Smith, and the Court granted the Plaintiff the opportunity to amend. [Doc. 10]. After the time for the Plaintiff to amend the Complaint expired, the Court issued a Request for the North Carolina Department of Public Safety (NCDPS) to waive service on March 10, 2022. [Doc. 13]. On May 9, 2022, NCDPS waived service for Defendant Goodwin, but was unable to waive service for Defendant Smith, who is no longer employed at NCDPS. [Docs.

16, 17]. NCDPS provided Defendant Smith's last known address under seal. [Doc. 17]. On May 11, 2022, the Court ordered the U.S. Marshals Service (USMS) to use all reasonable efforts to locate and obtain service on Defendant Smith. [Doc. 18].

On May 16, 2022, the summons for Defendant Smith was returned unexecuted. [Doc. 20]. The summons indicates that a Deputy U.S. Marshal (DUSM) attempted service at the address provided by NCDPS. A woman who identified herself as Defendant Smith's estranged wife said that Defendant Smith does not live at the address, and she does not know how to locate him. [Id.]. The DUSM obtained a possible phone number for Defendant Smith and spoke to a person who responded to "Mr. Smith." [Id.]. The caller said that he is homeless and that he is not the person listed on the summons, and terminated the call. [Id.].

The Federal Rules of Civil Procedure allow a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity

review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010).

On May 20, 2022, the Court ordered the Plaintiff to show cause, within 14 days, why Defendant Smith should not be dismissed from this action pursuant to Rule 4(m). [Doc. 21]. The Plaintiff was cautioned that the failure to comply with the Order would likely result in the dismissal of Defendant Smith from this action without prejudice and without further notice. [Id. at 3]. The Plaintiff has failed to file a response, and the time to do so has expired. Defendant Smith will therefore be dismissed from this action without prejudice.

**IT IS THEREFORE ORDERED** that Defendant Cohandan Francis Christian Smith is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge